**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **Dering Corp.,** | ) | **CASE NO.  5:05 MC 00028** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **NexPak Corp., et al.,** | ) | **Memorandum of Opinion & Order** |
| | ) | |
| **Defendants.** | ) | |


**Introduction**

This matter is before the Court upon plaintiff The Dering Corporation's Motion to

Withdraw the Reference Pursuant to 28 U.S.C. § 157(d) (Doc. 1).  Plaintiff The Dering

Corporation has filed a Proof of Claim and Request for Allowance and Payment of

Administrative Expense as against defendant NexPak Corporation in a bankruptcy proceeding

styled *In Re: NexPak Corporation, A Delaware Corp., et al*, Case No. 04-63816, filed in the

United States Bankruptcy Court for the Northern District of Ohio.  The issue presently before this

Court is whether plaintiff is entitled to permissive or mandatory withdrawal of its Proof of Claim

and Request for Allowance pursuant to 28 U.S.C. § 157(d).  For the following reasons, the Court

1

grants plaintiff's Motion.

**Facts**

On July 18, 2004, defendants NexPak Corporation, EPM Holdings, Inc., Atlanta Precision Molding Co., NexPak Holdings L.L.C., JMC Acquisition L.L.C. and AEI Acquisition L.L.C. (hereinafter referred to collectively as "defendants" or "debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The petitions were referred to the United States Bankruptcy Court for the Northern District of Ohio and jointly administered under Case No. 04-63816.

On August 11, 2004, plaintiff The Dering Corporation (hereinafter "Dering") filed a Complaint in the United States District Court for the Eastern District of Pennsylvania naming Debtor NexPak as the defendant.  This Complaint alleged that one or more of NexPak's products, including NexPak's SLIMpak and TRIMpak products, infringed one of Dering's patents, United States Patent No. 6,021,894 (hereinafter "the '894 patent").  Dering claims that, when it filed this Complaint, it was unaware that NexPak had filed for relief under Chapter 11.  Dering's action was immediately placed in suspense upon receipt of Debtors' suggestion of bankruptcy and, on February 23, 2005, was voluntarily dismissed.

On September 2, 2004, Dering filed its Proof of Claim against NexPak in the Northern District of Ohio bankruptcy proceeding.  This Proof of Claim was an unsecured non-priority claim for liquidated damages arising out of NexPak's alleged infringement of the '894 patent occurring prior to the July 18, 2004 Petition Date.  *See* Proof of Claim (attached as Exh. A to Exh. 1 of Dering's Motion to Withdraw Reference).

On December 21, 2004, the Bankruptcy Court entered an order confirming the Second

2

Amended Joint Plan of Reorganization of NexPak Corporation and its Subsidiary Debtors, dated November 10, 2004, as modified (hereinafter "the Reorganization Plan"). The Reorganization Plan became effective on December 31, 2004 and the Debtors emerged from bankruptcy as reorganized entities.

Subsequently, on February 17, 2005, Dering filed its Request for Allowance and Payment of Administrative Expense (hereinafter "Request for Allowance") in the Northern District of Ohio bankruptcy proceeding. As with the Proof of Claim, this Request for Allowance alleges infringement by NexPak of the '894 patent, but seeks damages arising out of alleged infringement that occurred while NexPak was operating in Chapter 11 bankruptcy (i.e., on or after the July 18, 2004 Petition Date but prior to the Debtors' December 31, 2004 emergence from bankruptcy). In response, Debtors filed a "Motion of Reorganized Debtors for an Order Disallowing Proof of Claim and Denying Administrative Expense Request filed by The Dering Corporation" on February 28, 2005.

A hearing on Debtors' Motion was scheduled for March 30, 2005 in the bankruptcy court. Prior to that date, on March 18, 2005, Dering filed its "Response to Reorganized Debtors' Motion to Disallow Proof of Claim and Deny Administrative Expense Request." On that same date, Dering filed in the bankruptcy proceeding its "Motion for Withdrawal of Reference Pursuant to 28 U.S.C. § 157(d)." Pursuant to Rule 5011 of Federal Rules of Bankruptcy Procedure, Dering's Motion was then transmitted to this Court for review.

Meanwhile, on January 28, 2005, Dering filed another Complaint against NexPak in United States District Court for the Eastern District of Pennsylvania. On February 23, 2005, Dering filed a Amended Complaint in that court, seeking an injunction to prevent NexPak from

3

infringing the '894 patent, as well as actual and enhanced damages for alleged infringement occurring after the effective date of the Reorganization Plan, i.e., arising on or after January 1, 2005.

On March 16, 2005, NexPak responded by filing a Motion to Transfer Venue under 28 U.S.C. § 1404(a), in which it sought to have Dering's Pennsylvania case transferred to this Court. Dering opposed NexPak's Motion. On April 13, 2005, without additional briefing or oral argument, the Pennsylvania District Court denied NexPak's Motion to Transfer in a one-paragraph Order. Debtors have provided Notice to this Court that they intend to file a motion for reconsideration in the Pennsylvania District Court with regard to its denial of NexPak's Motion to Transfer. Dering has indicated that it will oppose NexPak's Motion for Reconsideration.

Dering's Motion for Withdrawal of Reference Pursuant to 28 U.S.C. § 157(d) is now fully briefed and ripe for review.

**Discussion**

The Bankruptcy Amendments and Federal Judgeship Act of 1984 (the "Bankruptcy Act") vests in the district courts original jurisdiction over all cases under arising under Title 11 of the Bankruptcy Code. *See* 28 U.S.C. § 1334(b). The Act, however, permits the district courts to refer bankruptcy cases automatically to bankruptcy judges for the district, and also provides for the reference to be withdrawn under certain circumstances. *See* 28 U.S.C. §§ 157(a) and (d). Specifically, Section 157(d) of Title 28 of the United States Code provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate

4

commerce.

28 U.S.C. § 157(d).

The first sentence of the above statute allows for permissive withdrawal, while the second requires mandatory withdrawal in certain situations.  *See Holland v. LTV Steel Co.*, 288 B.R. 770, 772 (N.D. Ohio 2002); *In re Federated Department Stores*, 189 B.R. 142, 143-144 (S.D. Ohio 1995).  "Because withdrawal of a reference is not intended to be an 'escape hatch' from bankruptcy court into district court, courts prefer to grant such relief only in a limited class of proceedings."  *Holland*, 288 B.R. at 772-773 (citing *In re White Motor Corp.*, 42 B.R. 693 (N.D. Ohio 1984)).  *See also In re The Elder-Beerman Stores Corp.*, 1997 WL 1774875 at * 2 (S.D. Ohio Aug. 1, 1997) (noting that "courts have uniformly stressed that withdrawal of reference should be the exception rather than the rule").  The moving party bears the burden of proving that reference should be withdrawn.  *Holland*, 288 B.R. at 773.

In the instant case, plaintiff Dering seeks both permissive and/or mandatory withdrawal of the reference of its Proof of Claim and Request for Allowance.  This Memorandum of Opinion & Order will address each of these forms of withdrawal separately.

## I.     Mandatory Withdrawal

Plaintiff Dering argues that withdrawal of its Proof of Claim and Request for Allowance is mandatory because resolution of the issues involving its claims requires consideration not only of Title 11 matters, but also of other federal laws regulating organizations or activities affecting interstate commerce.  Specifically, Dering maintains that "the question of whether the Debtors infringed on the '894 patent and the proper measurement of damages for the Debtors' infringement involves consideration of federal patent laws affecting interstate commerce, the

5

jurisdiction over which Congress vested exclusively in the District Courts."  (Motion for

Withdrawal at 4).

In response, defendants argue that mandatory withdrawal is appropriate only when

"substantial and material " consideration of non-bankruptcy law is necessary for resolution of the

case.  This involves, defendants maintain, not simply the application of non-bankruptcy law, but

the interpretation of such law.  Defendants further argue that the instant case will not require the

interpretation of complex or novel patent law issues.  Specifically, defendants argue that the

primary issues in this case appear to be the following:

1.      Whether or not NexPak can assert the equitable defense of laches.

2.      Whether or not NexPak's media case designs are covered by the claims of the
        '894 patent, i.e., a determination of the scope of the patent claims and whether the
        designs fall within that scope.

3.      The amount of damages, if any, caused by NexPak's alleged infringement.

4.      Whether NexPak's alleged infringement was willful and, if so, if increased
        damages is appropriate.

5.      Whether or not the trebling of damages is appropriate in a bankruptcy context.

*See* Objection to Motion for Withdrawal at 12-13.  Defendants maintain that the above issues

require only the straightforward application of established patent law and, therefore, will not

involve "substantial and material" consideration of non-bankruptcy law, justifying mandatory

withdrawal.

Moreover, defendants argue that the patent law statutes do not require withdrawal of the

reference.  While 28 U.S.C. § 1338(a) vests the district courts with original jurisdiction over any

civil action arising under any federal law relating to patents, defendants note that the federal

6

bankruptcy courts "derive their power from– and essentially are adjuncts of– the federal district courts."  *See* Objection at 14.  Because the Northern District of Ohio has provided for the automatic referral to the bankruptcy court of any proceeding arising under Title 11, defendants argue that the bankruptcy courts in the Northern District of Ohio have any jurisdiction that a federal district court would have so long as the matter in question arises under or relates to a bankruptcy case, which the instant case clearly does.

Accordingly, defendants argue that mandatory withdrawal is not required and Dering's request for the same should be denied.

Although the Sixth Circuit has not addressed the standard for mandatory withdrawals, district courts within this Circuit have found that withdrawal is mandatory only when "substantial and material" consideration of non-bankruptcy law is necessary for the resolution of a case or proceeding.[1]  *See e.g. Holland*, 288 B.R. at 773; *In re White Motor Corp.*, 42 B.R. at 703-704; *In re Federated Department Stores*, 189 B.R. at 144; *In re James Holman*, 2005 WL 1085043 at * 3 (E.D. Ky. May 4, 2005); *In re Southern Industrial Mechanical Corp.*, 266 B.R. 827, 831 (W.D. Tenn. 2001).   A "substantial and material" consideration entails a significant interpretation of

---

[1]     There is some disagreement among the district courts within this Circuit regarding the proper test to be applied in determining the propriety of mandatory withdrawal.  The majority of district courts, as cited above, have adopted the "substantial and material consideration" test.  However, there are two cases in which district courts have rejected this test, and instead applied a more literal test in which any application of non-bankruptcy federal law (whether substantial and material, or not) will require mandatory withdrawal.  *See In re Kiefer*, 276 B.R. 196 (E.D. Mich. 2002); *Martin v. Friedman*, 133 B.R. 609 (N.D. Ohio 1991). The parties do not raise this issue herein and plaintiff Dering does not argue that this Court should adopt the literal (as opposed to "substantial and material") test. Because it is not argued by the parties and the "substantial and material" test is the majority approach in this Circuit, this Court will apply the "substantial and material" test to the instant case.

non-bankruptcy federal law, and more than a mere "rote application" of the provisions of a

federal law.  *See Holland*, 288 B.R. at 773; *In re Federated Department Stores*, 189 B.R. at 144.

*See also In re Southern Industrial Mechanical Corp.*, 266 B.R. at 831 (stating that "substantial

and material consideration" requires more than a *de minimis* consideration of non-bankruptcy

statutes to invoke the mandatory withdrawal provision).  "The mere fact that a bankruptcy court

must consider non-bankruptcy statutes in order to resolve a dispute is not, by itself, grounds for

mandatory withdrawal."  *In re Southern Industrial Mechanical Corp.*, 266 B.R. at 831.

Thus, as the district court in *Holland, supra* explained:

A distinction must be made, therefore, between proceedings requiring 'significant interpretation' of non-bankruptcy law and those merely applying such law to the facts.  If the court is only required to do the latter, then mandatory withdrawal is not warranted. [citation omitted].  The legal questions involved need not be of 'cosmic proportions,' but must involve more than mere application of existing law to new facts.

*Holland*, 288 B.R. at 773 (citations omitted).

In the instant case, it is undisputed that patent law will have to be applied to resolve

Dering's Proof of Claim and Request for Allowance.  The principal question is whether this

Court can make "an affirmative determination that resolution of the claims will require

substantial and material consideration of those non-[bankruptcy] Code statutes." *In re White*

*Motor Corp.*, 42 B.R. at 705.

The Court finds that it cannot make such a determination based upon the present record.

While the Court acknowledges that patent cases are often complex in nature and that some patent

cases may require mandatory withdrawal under certain circumstances, plaintiff Dering herein has

simply failed to identify any particularly complex or novel patent law issue or issues that will

have to be resolved in order to adjudicate its claims.  Indeed, Dering has failed to provide any

8

detail to this Court regarding specific legal issues that will be presented in connection with its claims or the manner in which consideration of such issues would require more than a straightforward application of patent law to the facts of the case.[2]  Thus, for this Court to grant Dering's motion on the basis of mandatory withdrawal, it would have to engage in speculation about patent law issues which may or may not arise, as well as the complexity of those issues. The Court finds that such a speculative inquiry is not an appropriate basis for mandatory withdrawal.  *See In re White Motor Corp.*, 42 B.R. at 705 (noting that "[f]or this Court to grant the motion to withdraw reference based on speculation about ERISA and IRC issues which may or may not arise and may or may not be germane to resolution core Code proceedings would be inconsistent with the purposes underlying the very existence of the Bankruptcy Court and would encourage forum shopping . . . ").

Because Dering has not shown that this case involves anything more than routine application of non-bankruptcy law, the Court denies Dering's Motion to the extent it seeks mandatory withdrawal of reference of its Proof of Claim and Request for Allowance.

## II.    Permissive Withdrawal

Dering next argues that this Court should exercise its discretion to withdraw the reference of its Proof of Claim and Request for Allowance.

---

[2]     In this respect, *In re National Gypsum,* 145 B.R. 539 (N.D. Texas 1992), upon which Dering relies, is easily distinguishable. In that case, National Gypsum (the alleged infringer) acknowledged that the issues in the patent infringement litigation were "complex" and the district court noted that the matter involved an antitrust defense.  Based on these facts, the court determined that the proceeding warranted mandatory withdrawal.  By contrast, plaintiff herein does not identify any particularly complex issues and defendants dispute that resolution of plaintiff's claim will involve consideration of any novel or complex issues of law.

As set forth above, the first sentence of § 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  The district court in *Holland, supra* discussed the meaning of the term "cause" as follows:

> Although 'cause' is not defined in the statute, the majority of the Courts of Appeals rely on essentially the same formula for determining whether cause has been shown.  These courts suggest that a district court 'consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.' [citations omitted].  In applying this formula, the courts have acknowledged that the 'cause' requirement for permissive withdrawal reflects congressional intent to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy. [citations omitted].

*Holland*, 288 B.R. at 774.

It has been recognized that "[a]dditional factors include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *Control Center, L.L.C. v. Lauer*, 288 B.R. 269, 274 (M.D. Fla. 2002) (citing *Hvide Marine Towing, Inc. v. Kimbrell (In re Hvide Marine Towing, Inc.)*, 248 B.R. 841, 844 (M.D.Fla.2000); *TPI Int'l Airways v. FAA (In re TPI Int'l Airways)*, 222 B.R. 663, 668 (S.D.Ga.1998) ).  *See also NDEP Corp. v. Handl-It, Inc.* (*In Re NDEP Corp.*) 203 B.R. 905 (D.Del. 1996) ("Another factor sometimes considered by courts analyzing whether withdrawal is appropriate is whether the parties have requested a jury trial.").

In support of its argument for permissive withdrawal herein, plaintiff Dering argues generally that "such withdrawal would effect judicial economy, would promote both uniformity and efficiency of the administration of the bankruptcy proceeding as well as proceedings now pending before the PA District Court, would reduce forum shopping and confusion, and would

10

conserve assets of both the Reorganized Debtors as well as Dering and would bring before a District Court issues more familiar to Article III Courts."  (Motion to Withdraw Reference at 3). Moreover, Dering argues that it has requested and is entitled to a jury trial on all issues raised in its claims.

Defendants offer several arguments in response.  First, defendants argue that retaining Dering's claims in bankruptcy court would promote uniformity because withdrawal of Dering's claims would require this Court to determine one claimant's claims in isolation, whereas the bankruptcy court is simultaneously determining hundreds of other claims asserted against the Debtors.  Moreover, defendants argue that litigation of Dering's claims in bankruptcy court would be more efficient because any judgment rendered in this Court would need to be sent to the bankruptcy court for implementation and enforcement.  In addition, defendants maintain that litigation of Dering's claims in bankruptcy court would expedite the bankruptcy process because, per the Reorganization Plan, the Debtors are holding back over $150,000 in funds that otherwise would be distributed to other unsecured creditors pending the conclusion of this litigation.  Since the bankruptcy court is already familiar with the Debtors' business operations, defendants maintain that that court is "well equipped to conduct necessary hearings on this matter without delay," resulting in "a faster distribution for the benefit of the Debtor's other creditors." (Objection to Motion for Withdrawal at 8).

Defendants also argue that withdrawing Dering's claims would reward Dering for forum shopping.  Specifically, defendants note that, in addition to filing its Proof of Claim in bankruptcy court here in the Northern District of Ohio, Dering has filed suits alleging patent infringement against NexPak in the U.S. District Court for the Northern District of Texas in

11

2001, and the Eastern District of Pennsylvania in both 2004 and 2005.  By contrast, defendants

maintain, the Debtors "simply wish to resolve these issues in the Bankruptcy Court and are not

engaged in forum shopping: they only wish to have this matter heard in the court where claim

objections are normally heard in bankruptcy court."  (Objection to Motion for Withdrawal at 7-

8).

Defendants then argue that Dering is not entitled to a jury trial on its claims, weighing

against withdrawal of Dering's claims.  Specifically, defendants argue that, by filing a sizable

request for an administrative claim in the Debtors' bankruptcy case, Dering has submitted itself

to the equitable powers of the bankruptcy court, thereby waiving any Seventh Amendment right

to a jury trial that Dering may have possessed.

Lastly, defendants maintain that Dering's claims constitute core proceedings because they

are essentially proceedings to determine the allowance or disallowance of claims against a

bankruptcy estate.  *See* 28 U.S.C. § 157(b)(2) ("Core proceedings include, but are not limited to–

. . . (B) allowance or disallowance of claims against the estate . . . ").   Accordingly, defendants

argue that this factor weighs against withdrawal.

In response, Dering argues "[i]n that considerations of judicial economy provide great

weight in favor of the permissive withdrawal provisions of § 157(d), NexPak's argument against

permissive withdrawal has been substantially eviscerated by the PA Court's decision to keep the

venue of the 2005 Action in the PA Court." (Reply Brief in support of Motion to Withdraw

Reference at 3).

The Court grants Dering's Motion for permissive withdrawal.  The patent law issues

presented for review by Dering's Proof of Claim and Request for Allowance herein are identical

12

to those currently before the Pennsylvania District Court, aside from the time period of alleged infringement.  As such, the factors of judicial economy, fostering the economical use of the parties' resources, and the possibility of inconsistent results weigh heavily in favor of withdrawal.  Indeed, district courts faced with similar situations have justified withdrawal on these grounds.  *See e.g. In re Sevko, Inc*., 143 B.R. 114 (N.D. Ill. May 20, 1992) (finding case for permissive withdrawal on grounds of judicial economy and preventing inconsistent results where the creditor was involved in two proceedings in bankruptcy and non-bankruptcy forums, litigating essentially the same core of transaction of facts).

Moreover, the Court rejects defendants' arguments that allowing withdrawal would reward Dering's alleged forum shopping.  Dering asserts (and defendants do not dispute) that it filed its first action in Pennsylvania in 2004 unaware that NexPak had filed for bankruptcy.  Indeed, Dering later voluntarily dismissed that action.  Dering's subsequent complaint in Pennsylvania District Court was filed in order to seek damages for post-bankruptcy infringement, which would arguably not be recoverable in connection with its Proof of Claim and Request for Allowance.  Thus, the Court finds that the factor of reducing forum shopping does not weigh in favor of denying withdrawal.

Accordingly, the Court grants Dering's Motion and orders the permissive withdrawal of its Proof of Claim and Request for Allowance.  In that Dering has indicated that it will file a Motion to Transfer Venue and/or Stay, the Court orders that Dering file such Motion no later than twenty-one (21) days from date of this Memorandum of Opinion & Order.

**<u>Conclusion</u>**

For the reasons set forth above, Plaintiff Dering's Motion for Withdrawal of Reference is

granted.  Plaintiff Dering is to file a Motion to Transfer Venue and/or Stay no later than twenty-one (21) days from the date of this Memorandum of Opinion & Order.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/6/05

14